UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANNY RIOS, individually and on behalf of
others similarly situated,

        Plaintiffs,

    -against-

ARROW LINEN SUPPLY COMPANY, INC.,
SALVATORE MAGLIOCCO, and JOHN
ANTHONY MAGLIOCCO

        Defendants.

Case No.:

**COMPLAINT**

**FLSA Collective Action and
Rule 23 Class Action Complaint**

**JURY TRIAL DEMANDED**

Plaintiff DANNY RIOS by and through counsel, on his own behalf and on behalf of all others similarly situated, alleges upon information and belief, except as to the allegations that pertain to Plaintiff which are alleged upon personal knowledge, as follows:

## INTRODUCTION

1.    This action arises out of violations by Defendants Arrow Linen Supply Company, Inc., Salvatore Magliocco, and John Anthony Magliocco (collectively "Defendants") of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") including their failure to pay Plaintiff Danny Rios ("Plaintiff" or "Rios") and others similarly situated for all hours worked at the legally required minimum hourly wage rate.

2.    Plaintiff began his employment with Defendants as a day rate helper, helping drivers to deliver clean linen and uniforms to Defendants' customers and pick up dirty linen and uniforms.  Defendants paid Plaintiff in cash at the rate of $60 a day, even when his workday extended to more than fifteen hours.

3.     Plaintiff brings this action on behalf of himself and other day rate helpers as a Day Rate Collective for violations of the minimum wage requirements of the FLSA and as a Day Rate Rule 23 Class for minimum wage, overtime, spread of hours, and notice requirement violations of the NYLL.

4.     When Defendants converted Plaintiff to an hourly rate of pay they deducted one hour for lunch each day even though Plaintiff rarely if ever was able to take lunch because of the amount of work assigned to him and others similarly situated.

5.     Furthermore Defendants paid Plaintiff and other hourly helpers and hourly drivers a flat sum for work performed outside their normal hours.  Defendants directed Plaintiff and other hourly helpers and drivers not to clock in when working an extra day during the week, on Sundays, and on special trips taken after they had clocked out for the day.

6.     Most of the work of Plaintiff and other hourly helpers and drivers was performed on trucks with a Gross Vehicle Weight Rating ("GVWR") of more than 10,000 pounds. However, once or twice a month Defendants assigned Plaintiff to make a special trip driving a van with a GVWR of less than 10,000 pounds (hereafter a "Small Vehicle").

7.     Under the SAFETEA—LU Technical Corrections Act of 2008, PL 110–244, June 6, 2008, 122 Stat. 1572, Defendants were required to pay overtime for all hours worked in excess of forty (40) in a workweek for those weeks in which Plaintiff drove a Small Vehicle.  Instead, regardless of the number of hours that Plaintiff worked driving the Small Vehicle, Defendants paid him a flat sum for each trip.  With New York City traffic increasing the time required to accomplish these trips the flat sum often translated into an hourly rate below the minimum wage.

8.     Plaintiff brings this action on behalf of himself and other hourly helpers and drivers whom Defendants paid a flat sum for work on a Small Vehicle as an Hourly Collective for violations of the overtime requirements of the FLSA.

9.     In addition, Plaintiff brings this action on behalf of himself and other hourly helpers and drivers whom Defendants paid a flat sum for work performed off the clock, outside their normal shifts, as an Hourly Rule 23 Class for notice violations under section 195(1) & (3) of the NYLL.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Plaintiff's Fair Labor Standard Act claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11.     This Court has jurisdiction over Plaintiff's New York state law claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

12.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Defendant Arrow Linen Supply Company, Inc. resides in this judicial district in that its principal place of business is located in this district.  Furthermore Defendants John Anthony Magliocco and Salvatore Magliocco reside in this district.

## THE PARTIES

13.     Plaintiff Danny Rios is a resident of the county of Bronx in the state of New York.  Defendants employed Plaintiff from in or around June of 2014 to in or around July of 2015, with a two-month break in his employment from January 2015 until March of 2015.

14.     Defendant Arrow Linen Supply Company, Inc. ("Arrow") is incorporated in the state of New York with its principal place of business located at 467 Prospect Avenue, Brooklyn, New York 11215.

15.     At all times relevant to this action, Arrow has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

16.     Defendant John Anthony Magliocco ("Defendant John") is a resident of the county of Nassau in the state of New York.

17.     At all times relevant to this action Defendant John has been the President and, on information and belief, a partial owner of Arrow.  As President of Arrow, Defendant John had, and has, the power to hire, fire, and set the wages and hours of all the employees of Arrow including Plaintiff and others similarly situated.

18.     Defendant John regularly walks Arrow's Brooklyn facilities to observe and oversee Defendants' operations.

19.     Defendant Salvatore Magliocco ("Defendant Salvatore") is a resident of the county of Nassau in the state of New York.

20.     At all times relevant to this action Defendant Salvatore has been the Vice President and, on information and belief, a partial owner of Arrow.  Defendant Salvatore had, and has, the power to hire, fire, and set the wages and hours of Plaintiff and others similarly situated.

21.     Defendant Salvatore takes care of the books at Arrow and is known as the "money man."  Plaintiff has seen Defendant Salvatore in his office with stacks of money.

22.     When Plaintiff and others similarly situated worked on Sundays, Defendant Salvatore supervised them.  Defendant Salvatore would schedule Plaintiff and others similarly situated and assign routes to them.

23.     The acts of Arrow charged in this Complaint were authorized, directed or accomplished by Defendants John and Salvatore individually or jointly, by themselves or their agents, officers, employees or representatives, while actively engaged in the management of the Arrow's textile supply business.

24.     At all times relevant to this action, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

## SUBSTANTIVE ALLEGATIONS

**Day Rate Helpers**

25.     Defendants are engaged in the business of supplying textiles such as uniforms, table linens, aprons, towels, and bedding to business establishments including restaurants, caterers, country clubs, beauty salons, healthcare offices, hotels and motels, delis, pizzerias, butchers, fish stores, and other businesses in the tri-state area.

26.     Defendants hired Plaintiff as a full-time helper in or around June of 2014. Plaintiff's job as a helper was to help the driver of Defendants' delivery truck to deliver clean textiles to Defendants' customers and to return dirty textiles to Defendants' premises to be laundered.

27.     Defendants have approximately forty (40) delivery trucks with a Gross Vehicle Weight Rating ("GVWR") over 10,000 pounds and less than 26,000 pounds for servicing customers on different routes primarily in New York, but also in New Jersey and Connecticut.

28.     Defendants employ a driver and a helper for each of the approximately forty (40) routes.

29.     At the time that Defendants hired Plaintiff, they showed him a notice saying that he would be paid approximately $10.00 an hour and one and one half times this rate for hours in excess of forty (40) in a workweek.  Plaintiff was required to sign this notice, but Defendants never gave him a copy of this notice.

30.     Despite the wage rate in the notice, Defendants indicated to Plaintiff that he would have to wait to be hired—or maybe would never be hired—if he insisted on the notice rate.  Instead Defendants offered him immediate money in his pocket if he were paid a flat sum of $60.00 per day as a day rate helper.

31.     From in or around June of 2014 until in or around September of 2014, Defendants paid Plaintiff as a day rate helper.

32.     Plaintiff and other day rate helpers worked long days.  No matter how many hours they worked in a day, Defendants would only pay Plaintiff and other day rate helpers the flat sum of $60.00.  Defendants often assigned day rate helpers to the longest routes.

33.     Defendants paid Plaintiff and other day rate helpers in cash and never provided day rate helpers with any wage statements.

34.     Plaintiff usually worked more than ten hours each day.  Thus Defendants paid him less than $6.00 per hour.  Plaintiff even worked from 7:00 am until 11:00 pm during a single day—for an hourly rate of $3.75.

35.     Plaintiff worked from the start of his shift until the end of his shift without time to take a lunch break.  For example, when Plaintiff worked from 7:00 am until 11:00 pm. he

worked for a full sixteen hours. Plaintiff and other day rate helpers had too much work to take a lunch break.

36.     Defendants did not keep records of the hours worked by Plaintiff and other day rate helpers. Although Defendants have a time clock in their Brooklyn facilities, Plaintiff and other day rate helpers did not clock in at the start of their work day and out at the end of their work day.

**Hourly Position**

37.     In September of 2014 Defendants began paying Plaintiff an hourly rate of $9.67 an hour to work as an hourly helper. This rate was increased to $10.05 at the end of November 2014.

38.     Starting in or around March of 2015, Defendants would occasionally assign Plaintiff to work as an hourly driver. When Plaintiff worked as an hourly driver, he was paid either $14.68 per hour or $12.57 per hour.

39.     Plaintiff and other hourly helpers and drivers use the time clock to clock in at the start and clock out at the end of their normal work day.

40.     Defendants assigned so much work to Plaintiff that he almost never was able to take a break for lunch. However, each workday Defendants subtracted one hour for lunch from the hours on the clock, when they paid Plaintiff and other hourly helpers and drivers.

41.     Defendants subtracted the hour for lunch without regard to whether Plaintiff and other hourly helpers and drivers actually worked through the hour. Thus, on a daily basis, Plaintiff and other hourly helpers and drivers regularly worked an hour for which Defendants never paid them.

42. Furthermore Plaintiff and other hourly helpers and drivers sometimes found that Defendants had not paid them for all the hours during which they had been clocked in even if they excluded their lunch hour. Plaintiff noticed that he was not paid for all hours and heard other hourly drivers and drivers complain that they had not been paid for all hours.

43. Plaintiff and other hourly helpers and drivers were scheduled to work a regular five-day schedule. Plaintiff's regular schedule was Monday through Friday.

44. Sunday was treated differently from the other days of the week. Sunday was not a part of the regular five-day schedule for any of the hourly helpers and drivers.

45. Defendants paid hourly helpers and drivers who worked on Sunday a flat sum for the day.

46. Defendants paid Plaintiff and other hourly *helpers* the flat sum of $80 when they worked on Sunday.

47. Plaintiff worked as a driver on Sunday one or two times during his employment with Defendants. and received the flat sum of $150 for the entire day of work. Defendants also paid other hourly *drivers* the flat sum of $150 when they worked on Sunday.

48. Often Defendants asked Plaintiff and other hourly helpers and drivers to work an extra day. In particular Plaintiff often worked on Sunday and once in a while on Saturday.

49. Although Plaintiff was now an hourly employee, Defendants only paid Plaintiff and other hourly helpers and drivers a flat sum for the day when they worked an extra day outside their five-day schedule. When Plaintiff worked on a scheduled day off other than Sunday, he received the flat sum of $60 for the entire day of work.

50. Defendants paid Plaintiff and other hourly helpers and drivers for extra days of work in cash and never provided them with a wage statement for this work.

**Trips in Small Vehicles**

51.     Starting in or around March of 2015, Defendants occasionally assigned Plaintiff to make "special trips" after he had clocked out from his regular shift.

52.     For special trips, Defendants directed Plaintiff and other hourly helpers and drivers to drive a Small Vehicle, a Mercedes Sprinter Cargo Van with a GVWR under 10,000 pounds, which Defendants provided.  Using the Sprinter Plaintiff would transport smaller items within the New York City area.

53.     Defendants paid Plaintiff and other hourly helpers and drivers a flat sum of around $20 for each special trip.

54.     As an example, on one special trip, Defendants directed Plaintiff to drive from the Arrow facility in Brooklyn to Coney Island.  Because of traffic conditions, Plaintiff needed three hours to complete the round trip.  Defendants paid Plaintiff $20 for an hourly rate of $6.66 for this trip.

55.     Defendants paid Plaintiff and other hourly helpers and drivers for special trips in cash and never provided them with a wage statement for this work.

## DAY RATE HELPER COLLECTIVE ACTION ALLEGATIONS

56.     Plaintiff brings the First Cause of Action as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of himself and others similarly situated (the "Day Rate Collective members"), which shall include:

> All persons who work or worked as helpers for Arrow from on or after the date that is three years before the filing of the Complaint in this case through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "Day Rate Collective Period") and were regularly paid on a flat sum day rate basis.  Excluded are the named defendants and any persons who are related by blood or marriage to the named defendants.

57.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Day Rate Collective Members.   There are numerous similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.   These similarly situated employees are readily identifiable, and can be located through Defendants' records that they are required to create and maintain under applicable federal and state law.   Notice should be sent to the Day Rate Collective members pursuant to 29 U.S.C. § 216(b).

58.     The members of the Day Rate Collective are similarly situated.   They all work in the same job classification and have substantially similar job requirements and pay provisions.   They are all subject to a common practice, policy, or plan that requires or permits them to perform work for an hourly wage that is below the legal minimum wage required by section 206 of the FLSA.

## SMALL VEHICLE COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiff brings the Second Cause of Action as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of himself and others similarly situated (the "Small Vehicle Collective members"), which shall include:

> All persons who work or worked as drivers and/or helpers for Arrow from on or after the date that is three years before the filing of the Complaint in this case through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "Small Vehicle Collective Period") and, in whole or part, during any workweek drove a vehicle with a GVWR less than 10,001 pounds and/or worked as a helper on a vehicle with a GVWR less than 10,001 pounds. Excluded are the named defendants and any persons who are related by blood or marriage to the named defendants.

60.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Small Vehicle Collective Members.   There are numerous similarly

situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are readily identifiable, and can be located through Defendants' records that they are required to create and maintain under applicable federal and state law. Notice should be sent to the Small Vehicle Collective members pursuant to 29 U.S.C. § 216(b).

61.     The members of the Small Vehicle Collective are similarly situated. They all work as drivers and/or helpers. They all have substantially similar pay provisions. They are all subject to a common practice, policy, or plan that requires or permits them to perform work without being paid overtime at the rate of one and one half times their regular rate for all hours worked in excess of forty in a workweek in violation of the FLSA.

## DAY RATE RULE 23 CLASS ACTION ALLEGATIONS

62.     Plaintiff brings the Third through Sixth Causes of Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Day Rate Rule 23 Class"), consisting of:

> All persons who work or worked as helpers for Arrow from on or after the date that is six years before the filing of the Complaint in this case through the date the Court certifies the class and were regularly paid on a flat sum day rate basis. Excluded are the named defendants and any persons who are related by blood or marriage to the named defendants.

63.     The Day Rate Rule 23 Class is so numerous that joinder of all members is impracticable. Although the precise number of Day Rate Rule 23 members is unknown, it is believed that there are at least forty potential class members who worked during the six year limitations period. The identity of the Day Rate Rule 23 Class members is contained in the

employment records that Defendants are required to create and maintain under state and federal law.

64. Common questions of law and fact exist as to all members of the Day Rate Rule 23 Class that predominate over any questions affecting solely individual members. The claims of the members of the Day Rate Rule 23 Class depend upon common questions of such a nature that they will generate common answers apt to drive the resolution of this litigation. Among the questions of law and fact common to the Day Rate Rule 23 Class are:

    i.    Whether Defendants have and are engaged in a pattern or practice of failing to pay Plaintiff and the Day Rate Rule 23 Class at an hourly rate equal to or greater than the basic minimum hourly wage rate in violation of the NYLL;

    ii.    Whether Defendants violated the NYLL by failing to pay Plaintiff and the Day Rate Rule 23 Class overtime wages at the rate of one and one-half times the basic minimum hourly rate for hours worked in excess of forty (40) in a workweek;

    iii.    Whether Defendants violated the NYLL by failing to Pay Plaintiff and the Day Rate Rule 23 Class an extra hour's pay for the "spread of hours" when they ended their workday ten (10) or more hours after they started work;

    iv.    Whether Defendants violated the NYLL by failing to provide Plaintiff and the Day Rate Rule 23 Class with proper pay statements as mandated by N.Y. Lab. Law § 195(3);

v.     Whether Defendants violated the NYLL by failing to provide Plaintiff and the Rule 23 Day Rate Rule 23 Class with wage notices as mandated by N.Y. Lab. Law § 195(1)

vi.     Whether Defendants were unjustly enriched by their wage policies; and

vii.     Whether Defendants' actions were willful.

65.     Plaintiff's' claims are typical of the claims of the Day Rate Rule 23 Class as Plaintiff and the members of the Day Rate Rule 23 Class have sustained damages arising out of Defendants' conduct in violation of New York's laws as complained of herein.  Plaintiff and the Day Rate Rule 23 Class members are current and former day rate helpers, employed by Defendants, who sustained damages, including underpayment of wages, as a result of Defendants' common compensation policies and practices.  The defenses that likely will be asserted by Defendants against Plaintiff are typical of the defenses that Defendants will assert against the Day Rate Rule 23 Class members.

66.     Plaintiff will fairly and adequately represent and protect the interests of the Day Rate Rule 23 Class.  Plaintiff has no interest antagonistic to or in conflict with the interests of the Day Rate Rule 23 Class as a whole.  Plaintiff has retained counsel experienced in pursuing complex and class action litigation who will adequately and vigorously represent the interests of the class.

67.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual Day Rate Rule 23 Class members.

68.     Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.  Treating this as a class action will

permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Day Rate Rule 23 Class is readily identifiable from records that Defendants are legally required to maintain.

69. Prosecution of separate actions by individual Day Rate Rule 23 Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Day Rate Rule 23 Class that would establish incompatible standards of conduct for Defendants.

70. Defendants have acted, or failed to act, on grounds generally applicable to the Day Rate Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Day Rate Rule 23 Class as a whole.

**HOURLY RULE 23 CLASS ACTION ALLEGATIONS**

71. Plaintiff brings the Seventh Cause of Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Hourly Rule 23 Class"), consisting of:

> All persons who work or worked as drivers and/or helpers for Arrow from on or after the date that is six years before the filing of the Complaint in this case through the date the Court certifies the class (the "Hourly Rule 23 Class Period") and during any workweek were paid in part on an hourly basis and in part with a flat sum unrelated to the hours worked. Excluded are the named defendants and any persons who are related by blood or marriage to the named defendants.

72. The Hourly Rule 23 Class is so numerous that joinder of all members is impracticable. Although the precise number of Hourly Rule 23 members is unknown, it is

believed that there are at least forty potential class members who worked during the six year limitations period. The identity of the Hourly Rule 23 Class members is contained in the employment records that Defendants are required to create and maintain as a matter of state and federal law.

73. Common questions of law and fact exist as to all members of the Hourly Rule 23 Class that predominate over any questions affecting solely individual members. The claims of the members of the Hourly Rule 23 Class depend upon common questions of such a nature that they will generate common answers apt to drive the resolution of this litigation. Among the questions of law and fact common to the Hourly Rule 23 Class are:

i.  Whether Defendants violated the NYLL by failing to provide Plaintiff and the Hourly Rule 23 Class with proper pay statements as mandated by N.Y. Lab. Law § 195(3);

ii.  Whether Defendants violated the NYLL by failing to provide Plaintiff and the Rule 23 Hourly Rule 23 Class with accurate wage notices as mandated by N.Y. Lab. Law § 195(1)

iii.  Whether Defendants were unjustly enriched by their wage policies; and

iv.  Whether Defendants' actions were willful.

74. Plaintiff's' claims are typical of the claims of the Hourly Rule 23 Class as Plaintiff and the members of the Hourly Rule 23 Class have sustained damages arising out of Defendants' conduct in violation of New York's laws as complained of herein. Plaintiff and the Hourly Rule 23 Class members are current and former hourly helpers and drivers, employed by Defendants, who sustained damages, including underpayment of wages, as a result of Defendants' common compensation policies and practices. The defenses that likely will be asserted by Defendants

against Plaintiff are typical of the defenses that Defendants will assert against the Hourly Rule 23 Class members.

75.     Plaintiff will fairly and adequately represent and protect the interests of the Hourly Rule 23 Class.  Plaintiff has no interest antagonistic to or in conflict with the interests of the Hourly Rule 23 Class as a whole.  Plaintiff has retained counsel experienced in pursuing complex and class action litigation who will adequately and vigorously represent the interests of the class.

76.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual Hourly Rule 23 Class members.

77.     Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.  Treating this as a class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Hourly Rule 23 Class is readily identifiable from records that Defendants are legally required to maintain.

78.     Prosecution of separate actions by individual Hourly Rule 23 Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Hourly Rule 23 Class that would establish incompatible standards of conduct for Defendants.

79.     Defendants have acted, or failed to act, on grounds generally applicable to the Hourly Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Hourly Rule 23 Class as a whole.

**FIRST CAUSE OF ACTION**
**Minimum Wage Violations of the FLSA**
**(Day Rate Helper Collective)**

80.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

81.     During the Day Rate Collective Period, Plaintiff and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

82.     During the Day Rate Collective Period, Plaintiff and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

83.     During the Day Rate Collective Period, Defendants each have been, and continue to be, "employers" and/or joint employers engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

84.     During the Day Rate Collective Period, Defendant Arrow had annual gross revenues in excess of $500,000.

85.     Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference herein.

86.     Defendants were required to properly pay Plaintiff and others similarly situated all wages due for all time worked.

87.     During the Day Rate Collective Period, Defendants violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiff and others similarly situated, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiff and others similarly situated at the required minimum wage for each hour worked.

88.     Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiffs and others similarly situated at the federally mandated minimum wage for all hours worked.  Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a).

89.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

90.     As a result of Defendants' violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied pay at the federally required rate for all of their hours worked in an amount to be determined at trial and are therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**Overtime Violations of the FLSA**
**(Small Vehicle Collective)**

91.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

92.     During the Small Vehicle Collective Period, Plaintiff and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

93.     During the Small Vehicle Collective Period, Plaintiff and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

94.     During the Small Vehicle Collective Period, Defendants each have been, and continue to be, "employers" and/or joint employers engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

95.     Defendants were required to properly pay Plaintiff and others similarly situated all wages due for all time worked.

96.     Pursuant to section 306 of the SAFETEA—LU Technical Corrections Act of 2008, PL 110–244, June 6, 2008, 122 Stat. 1572, Plaintiff and the Small Vehicle Collective members were covered by the overtime provisions during the Small Vehicle Collective Period for each week that they drove or worked as a helper on a vehicle with a GVWR of 10,000 pounds or less ("Small Vehicle").

97.     During the Small Vehicle Collective Period, Defendants violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiff and others similarly situated during weeks in which they drove or worked on a Small Vehicle, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiff and others similarly situated at the required minimum wage for each hour worked and overtime at the rate of time and one half their regular hourly rate for all hours worked in excess of forty in a workweek.

98.     Defendants failed to pay Plaintiff and others similarly situated at the overtime rate of time and one half their regular hourly rate for hours worked because they the workload caused them to work through their one hour lunch.

99.     Likewise Defendants failed to pay Plaintiff and others similarly situated at the overtime rate of time and one half their regular hourly rate for hours worked outside the time that they were clocked in before and after their shifts, on special trips, on Sundays, and when they worked an extra day during the week.

100.    Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiffs and others similarly situated overtime for all hours worked over forty in a workweek.  Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206, 207 and 215(a).

101.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

102.    As a result of Defendants' violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied pay at the federally required rate for all of their hours worked and overtime at time and one half their regular rate for hours worked in excess of forty in a workweek in an amount to be determined at trial and are therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**New York Labor Law, Article 19: Minimum Wages and Overtime Wages**
**(Day Rate Rule 23 Class)**

103.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

104.     During the Day Rate Rule 23 Class Period, Plaintiffs and members of the Rule 23 Class were "employees" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

105.     During the Day Rate Rule 23 Class Period, Defendants were employers within the meaning of N.Y. Lab. Law § 650(6).

106.     Throughout the Day Rate Rule 23 Class Period, Defendants failed to pay Plaintiff and the Day Rate Rule 23 Class at the basic minimum hourly wage rate pursuant to N.Y. Lab. Law § 652(1).

107.     Throughout the Day Rate Rule 23 Class Period, the New York Minimum Wage Order for Miscellaneous Industries and Occupations required employers to pay employees who are subject to the motor carrier exemption of the FLSA, 29 U.S.C. 213(b)(1), "overtime at a wage rate of one and one-half times the basic minimum hourly rate" for all hours worked over forty (40) in a workweek.  N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.  *See also* N.Y. Lab. Law, §§ 650, *et seq*.

108.     As detailed above, Defendants failed to pay Plaintiff and the Day Rate Rule 23 Class overtime wages in violation of the N.Y. Lab. Law, Article 19, § 650, *et seq*., and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

109.     Also as detailed above, Defendants actions were willful.

110.     Due to Defendants' violations of the NYLL, Plaintiff and members of the Day Rate Rule 23 Class are entitled to recover from Defendants all unpaid wages due them for hours worked at the basic minimum wage hourly rate and unpaid overtime wages of not less than one and one-half times the basic minimum hourly rate for each hour worked in excess of forty hours

in a workweek, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law, Articles 6 and 19—Spread of Hours Pay
### (Day Rate Rule 23 Class)

111.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

112.    During the Day Rate Rule 23 Class Period, Defendants failed to pay Plaintiff and the members of the Day Rate Rule 23 Class an additional hour's pay at the basic minimum hourly wage rate for each day that they worked a spread of hours that exceeded ten hours or a shift in excess of ten hours, in violation of N.Y. Lab. Law § 190, *et seq.*, and 650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

113.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Day Rate Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### Notice Violations:  New York Labor Law § 195(1)
### (Day Rate Rule 23 Class)

114.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

115.    During the Day Rate Rule 23 Class Period the NYLL was amended twice.

116.    Effective April 9, 2011, the NYLL was amended to require employers to provide each employee with a written notice "at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer."  N.Y. Lab. Law § 195(1) (2010).

117.    Among other required information the notice must include the employee's "regular hourly rate and overtime rate of pay" where the employee, such as Plaintiff and the Day Rate Rule 23 Class, is entitled to overtime pay under the laws and regulations of New York.

118.    Defendants never provided Plaintiff and the Rule 23 Day Rate Class with a written notice that accurately stated their "regular hourly rate and overtime rate of pay."

119.    From April 9, 2011, until the second amendment took effect on February 27, 2015, the penalty for failing to provide this required notice was $50.00 per week up to a maximum of $2,500.00. N.Y. Lab. Law § 198(1-b) (2010).

120.    Effective December 29, 2014, the NYLL was amended to remove the requirement that the notice required by section 195(1) of the NYLL be provided on a yearly basis.

121.    However, the penalties were increased. Effective February 27, 2015, the penalty for not providing a written notice when the employee was hired was increased to $50.00 *per workday* with a maximum penalty of $5,000.00. N.Y. Lab. Law § 198(1-b) (2014).

122.    Plaintiff seeks the statutory penalty for himself and for each member of the Day Rate Rule 23 Class together with costs and reasonable attorneys' fees.

### SIXTH CAUSE OF ACTION
**Notice Violations:  New York Labor Law § 195(3)**
**(Day Rate Rule 23 Class)**

123.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

124.    During the Day Rate Rule 23 Class Period the NYLL was amended twice.

125.    Effective April 9, 2011, the NYLL was amended to specify the information that an employer must furnish with each payment of wages. N.Y. Lab. Law § 195(3) (2010).

126.    Defendants paid Plaintiff and the Day Rate Rule 23 Class in cash, without providing *any* wage statement at all, let alone a compliant wage statement.

127.    From April 9, 2011, until the second amendment took effect on February 27, 2015, the penalty for failing to provide the wage statement required by section 195(3) of the NYLL was $100.00 per week up to a maximum of $2,500.00.  N.Y. Lab. Law § 198(1-d) (2010). This penalty was increased effective February 27, 2015, to $250.00 *per workday* with a maximum penalty of $5,000.00.  N.Y. Lab. Law § 198(1-b) (2014).

128.    Plaintiff seeks the statutory penalty for himself and for each member of the Day Rate Rule 23 Class together with costs and reasonable attorneys' fees.

<u>SEVENTH CAUSE OF ACTION</u>
**Notice Violations:  New York Labor Law §§ 195(1) & (3)**
**(Hourly Rule 23 Class)**

129.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

130.    During the Hourly Rule 23 Class Period, Plaintiffs and members of the Rule 23 Class were "employees" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

131.    During the Hourly Rule 23 Class Period, Defendants were employers within the meaning of N.Y. Lab. Law § 650(6).

132.    As detailed above in the Sixth Cause of Action, section 195(3) of the NYLL requires employers to provide employees with wage statements detailing specified information. These wage statements must include the "rate or rates of pay and basis thereof" and the employee's overtime rate.

133. Defendants paid Plaintiff and the Hourly Rule 23 Class a flat sum in cash and did not provide them with *any* wage statements for work that they performed when they worked an extra day, worked before and after their shifts, and/or worked on Sunday.

134. As detailed above in the Fifth Cause of Action, section 195(1) of the NYLL requires employers to provide employees with notices of the hourly rate and overtime rate that they will be paid at the time that they are hired.

135. Defendants either did not provide these notices to Plaintiff and the Hourly Rule 23 Class, or provided inaccurate notices which did not include information on the hourly wage rate for work performed for a flat sum.

136. Plaintiff seeks the statutory penalties for himself and for each member of the Hourly Rule 23 Class together with costs and reasonable attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**New York Labor Law, Article 19: Minimum Wages and Overtime Wages**
**(Plaintiff Individually During Weeks He Was Paid Hourly and Worked Exclusively on Vehicles with a GVWR Greater Than 10,000 Pounds)**

137. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

**September 2014 — January 2015**

138. Defendants paid Plaintiff for his on-the-clock time at the rate of $9.67 per hour from September 2014 until the end of November 2014. and $10.05 per for his on-the-clock time from November 30, 2014, until January 2015 and from March 2015 until July 2015. During this time period Plaintiff worked more that forty (40) hours during most workweeks.

139. From September 2014 until January 2015, Plaintiff's on-the-clock schedule consisted of five days per workweek—Monday, Tuesday, Thursday, Friday, and Saturday.

140. During this time period Plaintiff normally clocked in before 8:00 am each day and did not clock out until eleven or twelve hours later at 7:00 or 8:00 pm. Thus Plaintiff worked on-the-clock approximately fifty-five to sixty hours each week.

141. Defendants paid Plaintiff at his straight time rate for the first forty hours that he worked on-the-clock and overtime at one and one half times his straight time rate for on-the-clock hours over forty (40) in a workweek.

142. However Defendants did not pay Plaintiff for all the on-the-clock hours that he worked each day.

143. In particular Defendants deducted an hour for lunch each day even though Plaintiff never took his lunch because of the work load.

144. Moreover Defendants sometimes asked Plaintiff to work on Wednesday, his day off. When Plaintiff worked on Wednesday, Defendants directed him not to clock in and paid him a flat day rate sum of $60. Plaintiff generally worked from nine (9) to ten (10) hours or more when he worked on his day off for an hourly rate of $6.67 or less.

**March 2015 — July 2015**

145. Starting in March of 2015, Defendants changed Plaintiff's route and he began to work a regular five-day schedule from Monday through Friday. During this time period Plaintiff would clock in around 4:00 am each day and clock out around 2:00 or 3:00 pm. Plaintiff never took his lunch because there was too much work, thus Plaintiff worked on-the-clock approximately ten (10) or eleven (11) hours each day and fifty (50) to fifty-five (55) hours each week.

146. In addition to his work on the clock, Plaintiff generally worked every Sunday during this time period. Defendants directed Plaintiff not to clock in when he worked on Sunday

and paid him the flat day rate sum of $80. Plaintiff generally worked nine (9) to ten (10) hours on Sunday for an hourly rate of $8.00 to $8.88.

147. In addition to working on Sunday, Plaintiff sometimes worked on Saturday for a flat day rate sum of $60 and sometimes made special trips for a flat sum of approximately $20 during this time period.

148. The NYLL and its implementing regulations require employers to pay employees such as Plaintiff overtime at a minimum rate of time and one half the basic minimum hourly rate even if they are exempt from overtime under section 13 of the FLSA. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. .

149. Under section 652 of the NYLL the basic minimum hourly wage rate in New York was $8.00 during 2014 and went up to $8.75 on December 31, 2014. Therefore pursuant to the NYLL, Defendants were required to pay Plaintiff at an hourly wage rate of at least $12.00 during 2014 and at least $13.125 during 2015 for every hour that he worked over forty (40) in a workweek.

150. Defendants violated the NYLL by not paying Plaintiff for all the hours that he worked on-the-clock and by not paying Plaintiff at the required overtime rate for all of the hours that he worked over forty (40) in a workweek.

151. As detailed above, Defendants failed to pay Plaintiff overtime wages in violation of the N.Y. Lab. Law, Article 19, § 650, *et seq*., and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

152. Also as detailed above, Defendants actions were willful.

153. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants all unpaid wages due him at his regular hourly rate and unpaid overtime wages at not

less than one and one-half times the basic minimum hourly rate for each hour worked in excess of forty hours in a workweek, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**NINTH CAUSE OF ACTION**
**New York Labor Law, Section 193 & 12 NYCCR Part 195 -- Deductions from Pay**
**(Plaintiff Individually)**

154.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

155.    In or around September of 2014, Plaintiff opened the door of the truck on which he was working.  The door made contact with a nearby car and caused a hairline scratch in the paint.

156.    Contrary to the requirements of section 193 of the NYLL which provides strict limits on the deductions that an employer can legally make from an employee's pay, Defendants demanded that Plaintiff pay them a total of $500 through illegal payroll deductions.

157.    Defendants received an initial payment of $60 in cash, which Plaintiff gave them in or around September of 2014.

158.    After the initial $60, Defendants deducted $25 each week from Plaintiff's pay with a final $15 deduction from Plaintiff's pay for the week ending April 4, 2015.

159.    Defendants attempted to cover-up the illegal nature of these deductions by designating them as a "loan" on Plaintiff's paystubs.

160.    However, even if Defendants' designation of the deductions as a "loan" had been truthful, they would have violated the law when they made the deductions.  The Department of Labor's implementing regulations for section 193 of the NYLL require that before employers loan money to an employee that will be paid back by payroll deductions, the employee must give

the employer " written authorization for the deduction(s) to be made to repay the advance." N.Y. Comp. Codes R. & Regs. tit. 12, § 195-5.2(e). Plaintiff never signed any document authorizing Defendants to make deductions from his pay.

161. Due to Defendants' violations of the NYLL and its implementing regulations, Plaintiff is entitled to recover from Defendants all unpaid wages due him, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself, the Day Rate Collective, the Small Vehicle Collective, the Day Rate Rule 23 Class, and the Hourly Rule 23 Class prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the Day Rate Collective members and the Small Vehicle Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action on behalf of the Day Rate Rule 23 Class, and the Hourly Rule 23 Class;

(c) An order tolling the statute of limitations;

(d) Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(e) An award of damages, according to proof, including FLSA liquidated damages, and interest, to be paid by Defendants;

(f)     An award of damages to Plaintiff for violations of the NYLL, including statutory

        NYLL liquidated damages;

(g)     Costs of action incurred herein, including expert fees;

(h)     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663,

        198 and other applicable statutes;

(i)     Pre-Judgment and post-judgment interest, as provided by law; and

(j)     Such other and further legal and equitable relief as this Court deems necessary,

        just, and proper.

## JURY DEMAND

Plaintiff, on behalf of himself, Day Rate Collective, the Small Vehicle Collective, the

Day Rate Rule 23 Class, and the Hourly Rule 23 Class demands a trial by jury on all causes of

action and claims with respect to which they have a right to a jury trial.


Dated: February 16, 2016          Respectfully submitted,

                                  HARRISON, HARRISON & ASSOCIATES

                                  _____/s/ David Harrison_____
                                  David Harrison, Esq.
                                  Julie Salwen, Esq.
                                  110 State Highway 35, Suite 10
                                  Red Bank, NJ 07701
                                  (718) 799-9111 Phone
                                  (718) 799-9171 Fax
                                  nycotlaw@gmail.com
                                  *Attorneys for Plaintiff, Proposed Collective Plaintiffs and
                                  Proposed Class Members*

# Exhibit A

I am a current or former employee of Arrow Linen Supply Company, Inc. and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this _2_ day of _October_, 2015.

_____
Signature

_____
Full Legal Name (print)

Denny Rios